**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 409.]**

CLEVELAND BAR ASSOCIATION V. SNOW.

**[Cite as *Cleveland Bar Assn. v. Snow*, 1995-Ohio-154.]**

*Attorneys at law—Misconduct—Six-month suspension stayed on conditions— Failure to timely respond to bar association's inquiry—Unauthorized withdrawal from IOLTA account—Failure to obtain local counsel in Virginia per federal district court rule.*

(No. 95-379—Submitted April 4, 1995—Decided July 5, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-47.

———————————

{¶ 1} In a complaint filed June 20, 1994, relator, Cleveland Bar Association, charged respondent, David A. Snow of Cleveland, Ohio, Attorney Registration No. 0033686, with four counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court considered the matter on the parties' stipulations.

{¶ 2} Respondent was admitted to the practice of law in Ohio on November 11, 1973. With respect to Count I, respondent stipulated that he failed to timely respond to relator's request for information about a grievance filed by his client, Djoni Lucaj, and that he thereby violated Gov.Bar R. V(4)(G).

{¶ 3} With respect to Count II, respondent admitted that he had violated DR 1-102(A)(1) (violation of Disciplinary Rule), 1-102(A)(6) (conduct that adversely reflects on fitness to practice law), and 9-102(B), including sections (2) and (3) (failure to properly segregate and account for client's funds), because he withdrew $1,215 from an IOLTA account that contained $6,000 in settlement proceeds belonging to his client, Timothy S. McGuire, without McGuire's consent. In January 1988, respondent properly endorsed and deposited the settlement check for

$6,000 and he promptly paid McGuire his share of the proceeds. However, respondent apparently forgot his promise to pay the $1,215 to McGuire's medical providers, and he later withdrew the $1,215 from the trust account by mistake. Respondent made the forgotten payment immediately when he learned of McGuire's grievance.

{¶ 4} With respect to Counts III and IV, respondent admitted that he violated DR 6-101(A)(1) (when attorney is not competent to provide representation, failure to associate with another attorney who is competent) and (2) (inadequate preparation) because he attempted to represent Donna M. Bethea in a criminal matter in federal district court in Virginia without associating himself with local counsel as required by local rule. Respondent's failure to comply and failure to confer with the prosecutor in the case required the federal district court to appoint new counsel to represent Bethea at a hearing on May 24, 1989.

{¶ 5} The panel determined that respondent had violated DR 9-102(B)(2) and (3), 6-101(A)(1) and (2), and Gov.Bar R. V(4)(G), as admitted. In recommending a sanction for this misconduct, the panel considered an impressive array of character references from judges and others of respondent's professional acquaintance, all of whom affirmed his competence and integrity. The panel rejected the parties' suggested sanction -- a six-month suspension to be stayed, in whole or in part, on the condition that respondent complete a two-year monitored probation period -- and recommended that respondent be publicly reprimanded. The board agreed, adopting the panel's findings of misconduct and recommendation.

_____

*Arthur M. Kaufman* and *Howard Stern*, for relator.

*Charles W. Kettlewell*, for respondent.

_____

**Per Curiam.**

**{¶ 6}** We have reviewed the record and concur in the board's findings of misconduct. However, we also agree with the parties as to the sanction respondent should receive, particularly in view of the public reprimand respondent received in 1983. *Cuyahoga Cty. Bar Assn. v. Snow* (May 11, 1983), D.D. No. 83-5. Thus, we order that respondent be suspended from the practice of law in Ohio for a period of six months; however, we suspend imposition of this sanction on the condition that respondent complete a two-year monitored probation, provided that during this period no disciplinary complaints against respondent are certified to the board by a probable cause panel. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS and PFEIFER, JJ., dissent.

————————————

**DOUGLAS, J., dissenting.**

**{¶ 7}** I respectfully dissent. The panel that considered the case against respondent recommended that respondent receive a public reprimand. When the full board considered the case against respondent, it also recommended a public reprimand. I would accept the advice of these fact-finding tribunals and order that respondent be publicly reprimanded.

PFEIFER, J., concurs in the foregoing dissenting opinion.

————————————